UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE WATSON,<br><br>Plaintiff,<br><br>-against-<br><br>ALL THESE AGENCIES SAYING MICROSOFT CAN'T REACH PEOPLE TO GET CLASSIFIED INFORMATION, et al.,<br><br>Defendants. | 1:25-CV-6005 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Natalie Watson, of Brooklyn, New York, who is appearing *pro se*, brings this action invoking the court's federal-question jurisdiction and asking the Court for her to be allowed " to grow old in America," though she does not "believe [they are going to] house [her]." (ECF 1, at 6.). She sues: (1) "All these agencies saying Microsoft can't reach people to get classified information"; (2) President Donald Trump; (3) former Vice President Kamala Harris; (4) former President Joe Biden; (5) the Pentagon; (6) Robert Mueller; (7) "The President"; and (8) Senator Dick Durbin.[1]

By separate order dated July 24, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action as frivolous.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

[1] After Plaintiff filed her complaint, she filed multiple letters (ECF 3-5, 8-45), which the Court construes as supplements to her complaint.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following allegations are drawn from the complaint:[2] Plaintiff states that the basis for her claims is that she is "not sure . . . that they help for years [Plaintiff is] not disabled while abusing [her] at buildings like this is north hold on while [she] just insult that dictator." (ECF 1, at 2.) The remainder of Plaintiff's complaint and supplements is fashioned as a stream of consciousness that the Court cannot understand.

**DISCUSSION**

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ;

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 325. Plaintiff sues multiple federal officials and other entities and her allegations are incoherent. The Court is unable to identify: (1) any legal basis for her claims against the Defendants, or (2) any legal theory on which Plaintiff may proceed against the Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that the district court did not err in dismissing claim with prejudice in the absence of any indication that the plaintiff could or would provide additional allegations leading to different result); *see, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 18, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.